[No. E036773. Fourth Dist., Div. Two. Jan. 11, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY ELTON FULCHER, Defendant and Appellant.

## Counsel

Carl M. Hancock, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

## GAUT, J.—

### 1. Introduction

Defendant Stanley Elton Fulcher appeals from an order committing him to the state Department of Mental Health for two years as a sexually violent predator (SVP) under Welfare and Institutions Code[1] section 6600 et seq. He contends the trial court erred in finding his 1998 conviction for committing lewd acts upon a child under age 14 (Pen. Code, § 288, subd. (a)) qualified as a "sexually violent offense" within the meaning of the SVP Act. Defendant complains that there was insufficient evidence of force, duress or substantial sexual conduct; the experts' opinions should have been excluded because they were based on mistaken assumptions that he used force or duress; the court erred in allowing the prosecutor to relitigate the 1998 offense; the trial court erred in admitting inadmissible hearsay evidence of past misconduct and inflammatory photographs; and the trial court erred in failing to give a unanimity instruction. For the reasons stated below, we affirm.

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

## 2. Facts and Procedural Background

In 1980, defendant's wife reported to the San Bernardino County Child Protective Services that defendant had taken nude photographs of their six-year-old daughter. The sheriff's department searched defendant's apartment and found nude photographs of defendant's daughter. Defendant admitted taking the photographs and rubbing his daughter's "tussy." Defendant pled not guilty by reason of insanity to lewd and lascivious acts with a child under age 14, in violation of Penal Code section 288, subdivision (a). Defendant was sent to Patton State Hospital for seven years.

In 1998, defendant invited Kyle, who was seven years old, to his apartment to see a spaceship model in his bedroom. When Kyle went into defendant's bedroom, defendant pulled down Kyle's pants, put his face close to Kyle's penis, and said, "It would feel good." Kyle noticed defendant's bedroom walls were plastered with pictures of naked women. Kyle immediately pulled up his pants and ran out of defendant's bedroom and apartment. After defendant told a friend what had happened, the incident was ultimately reported to the police.

Defendant pled not guilty by reason of insanity to two counts of lewd and lascivious acts with a child under 14 years, in violation of Penal Code section 288, subdivision (a). Defendant was sent to Patton State Hospital for six years.

In September 2003, the People filed a petition seeking defendant's commitment as an SVP under section 6600 et seq. About a month before the SVP trial, a district attorney investigator and the prosecutor interviewed Kyle. Kyle was almost 14 years old. He stated that defendant not only put his face close to Kyle's penis, defendant put his mouth on it and told Kyle not to tell anyone. At the SVP trial, Kyle testified consistent with his recent statements made to the district attorney investigator and prosecutor concerning the 1998 incident.

Defendant stated during a police interview on the day of the 1998 incident that he invited Kyle into his apartment to see a spaceship but denied Kyle went into his bedroom and denied any other contact with Kyle. Defendant admitted at the SVP trial that he took nude photographs of his daughter in 1980. He claimed a neighbor suggested he take photographs of his daughters. Three days later, the neighbor's wife called the police and defendant was arrested and sent to prison. Defendant also testified that from his window he saw Kyle and another boy sexually exploring each other. Defendant denied all other reported past acts of misconduct.

Licensed psychologists, Drs. Miculian and McEachen testified as expert witnesses at defendant's SVP trial. Based on their interviews of defendant

and document review, they diagnosed defendant with pedophilia, nonexclusive type. Both also concluded the 1980 and 1998 offenses involved substantial sexual conduct and defendant posed a serious risk of reoffending if released into the community.

The jury found defendant satisfied the conditions for SVP commitment. Accordingly, the trial court ordered defendant committed to Atascadero State Hospital for two years. Defendant appeals the commitment order.

### 3. Discussion

#### A. *Admissibility of Evidence Outside Conviction Record*

Defendant contends the trial court erred in allowing the People to introduce evidence outside the record of the 1998 conviction to prove that the 1998 offense qualified as a predicate offense. Specifically, defendant complains the trial court allowed Kyle's recent statement and his SVP trial testimony that defendant not only pulled his pants down but also orally copulated him. Defendant argues the same procedures and safeguards afforded in the habitual criminal classification system apply to the SVP classification scheme and therefore the court cannot consider evidence outside the record of the qualifying convictions. Relitigation of the facts or circumstances of the convictions is improper. Defendant concludes that since he was never charged with, tried, or convicted of engaging in substantial sexual conduct, testimony outside the conviction record on this factor is inadmissible.

The People argue defendant waived his objection to Kyle's recent statement and testimony that defendant orally copulated him. We agree. Before the trial, defense counsel informed the court that he was concerned Kyle would testify concerning significantly different details than those previously reported. Defense counsel stated he wanted to know how Kyle recalled the new facts concerning the incident and whether therapy impacted his recollection. The prosecutor explained that he and his investigator recently interviewed Kyle, and Kyle, who was almost 14 years old, said defendant briefly touched his penis with his mouth and then Kyle pulled his pants up and ran away. The prosecutor said experts would testify it is not unusual for children not to tell all the details initially and then when they get older to recall the incident in greater detail when the perpetrator is no longer around.

Defense counsel responded: "I'm not asking at this point for an exclusion. . . . [¶] I'm saying I have no evidence as to why the story has changed. I know he's been in therapy, and if it is something that came out in therapy, there is an issue as to whether he would be allowed to testify at that point. I'm just asking to take him on voir dire or have some declaration presented as

an explanation because I don't want it to come up in the middle of trial as he starts testifying to these matters, and I have to go 'Time out. We have a problem here.' "

The court responded that it did not see a problem. The defense would have an opportunity to cross-examine Kyle and attack his credibility as a witness. The prosecutor noted therapy ended when Kyle was eight and one-half years old. The trial court permitted defense counsel to inquire at trial concerning Kyle's therapy and how Kyle recalled the new facts.

At the SVP trial Kyle testified that defendant not only pulled down his pants but also touched his penis. Expert witnesses testified that the 1998 incident involved substantial sexual conduct. Their opinions were based in significant part on Kyle's recent statement and testimony that defendant touched Kyle's penis.

By not objecting at trial to Kyle testifying to the recently recalled new facts of defendant touching Kyle's genitals, defendant waived the objection. (Evid. Code, § 353; *People v. Farnam* (2002) 28 Cal.4th 107, 159 [121 Cal.Rptr.2d 106, 47 P.3d 988], citing *People v. Barnett* (1998) 17 Cal.4th 1044, 1130 [74 Cal.Rptr.2d 121, 954 P.2d 384]; *People v. Coleman* (1988) 46 Cal.3d 749, 777 [251 Cal.Rptr. 83, 759 P.2d 1260].) This is not a situation in which the substance of an objection was made, and we can undertake review even though the form of the objection was technically incorrect. (*People v. Coleman, supra*, 46 Cal.3d at p. 778.)

Even assuming there was no waiver, defendant's objection lacks merit. Kyle's testimony and recent statement were admissible to show the 1998 offense involved substantial sexual conduct.

Defendant cites section 6600, subdivision (a)(3) for the proposition that only documentary evidence of prior convictions is admissible to establish that a prior conviction qualifies as a sexually violent offense under section 6600. Section 6600 provides: "*Conviction* of one or more of the crimes enumerated in this section shall constitute evidence that *may support* a court or jury determination that a person is a sexually violent predator, *but shall not be the sole basis for the determination.* The existence of any *prior convictions may be shown with documentary evidence.* The *details underlying the commission of an offense* that led to a prior conviction, including a predatory relationship with the victim, *may be shown by documentary evidence,* including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health." (Italics added.)

█ In construing this provision to determine the scope of admissible evidence in an SVP trial, "We turn first to the statutory language, giving the

words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources . . . ." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006 [22 Cal.Rptr.3d 869, 103 P.3d 270].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]" (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ Here, the statutory language is clear and therefore we need not resort to extrinsic sources. Section 6600, subdivision (a)(3) authorizes the court to admit at an SVP trial documentary evidence establishing a prior conviction. It does not preclude all other relevant evidence, such as the testimony of a victim.

In *People v. Whitney* (2005) 129 Cal.App.4th 1287 [29 Cal.Rptr.3d 218] (*Whitney*), the court found defendant was an SVP based in part on out-of-state convictions for molesting a child. The out-of-state convictions were similar to a Penal Code section 288, subdivision (a), violation. The court in *Whitney* held the trial court properly went beyond the bare elements of the out-of-state crimes to look to the record to determine whether the out-of-state offense fell within the SVP Act's definition of sexually violent offenses. (*Whitney, supra*, 129 Cal.App.4th at p. 1297.)

While the *Whitney* court concluded the trial court could consider evidence in the court record concerning the out-of-state conviction, the court did not address the issue raised here as to whether the court in an SVP Act proceeding can consider evidence outside the record of conviction. However, the *Whitney* court's analysis is helpful. The court noted that, since a nonforcible lewd acts conviction may qualify as a predicate act under section 6600, evidence beyond that of the bare elements of the offense may be considered for purposes of determining whether the offense constitutes a sexually violent offense. Otherwise a Penal Code section 288, subdivision (a) offense would never qualify as a sexually violent offense. (*Whitney, supra*, 129 Cal.App.4th at p. 1296.)

Defendant argues the purpose of section 6600, subdivision (a)(3) is to avoid requiring the victim to testify in an SVP proceeding. Therefore evidence showing a prior conviction, which qualifies as a predicate offense, should be limited to documents contained in the record. But this is not the only purpose or the primary purpose of section 6600, subdivision (a)(3). As noted by the California Supreme Court in *People v. Otto* (2001) 26 Cal.4th 200, 208 [109 Cal.Rptr.2d 327, 26 P.3d 1061] (*Otto*), "the Legislature apparently intended to

relieve victims of the burden and trauma of testifying about the details of the crimes underlying the prior convictions. Moreover, since the SVP proceeding may occur years after the predicate offense or offenses, the Legislature may have also been responding to a concern that victims and other percipient witnesses would no longer be available."

This latter purpose is evident from the fact "[t]he express purpose of the SVP[ Act] articulates the strong government interest in protecting the public from those who are dangerous and mentally ill. Requiring the government to adduce live testimony from the victims could potentially impede this purpose. The SVP proceeding occurs at the end of the defendant's sentence, which may be years after the events in question. As one Court of Appeal has observed, if the People can 'obtain civil commitment of sexually violent predators only in cases where the conviction record was extensive, and included victim testimony . . . as to the details of the sexually violent offense,' in those cases where 'the defendant pled guilty before the preliminary hearing, or the victims' testimony was not sufficient to establish the details of the offense as required by the SVP Act, the state would never be able to meet its burden.' (*People v. Superior Court (Howard)* [(1999)] 70 Cal.App.4th [136,] 155 [82 Cal.Rptr.2d 481] [concluding victim hearsay statements contained in a probation report admissible at SVP probable cause hearing].)" (*Otto, supra,* 26 Cal.4th at pp. 214–215.) This indicates that documentary evidence is permitted to facilitate an SVP determination when witnesses may no longer be available. But even though documentary evidence is admissible, when a victim is available to testify at an SVP trial concerning the details of a prior conviction, such testimony is permissible. (*Otto, supra,* 26 Cal.4th at pp. 214–215.)

■ Defendant argues the SVP Act is analogous to recidivist sentencing and enhancement law, which limits evidence of a prior conviction allegation to those documents that reliably reflect the conduct of which a defendant was convicted. But as the *Whitney* court notes, "recidivist sentencing and civil commitment for treatment are not the same." (*Whitney, supra,* 129 Cal.App.4th at p. 1297.) A proceeding under the SVP Act is civil in nature. (129 Cal.App.4th at p. 1298.) "[T]he finding of a prior conviction for enhancement purposes has more pernicious consequences than does such a finding under the SVP Act: under recidivist statutes . . . proof of the prior conviction results in imposition of a longer criminal sentence, whereas under the SVP Act, 'the evidence of prior convictions is required as *partial* proof that the defendant has committed sexually violent offenses. [Citation.]' " (*Id.* at p. 1297.) We thus do not rely on law applicable to recidivism sentencing in determining the scope of evidence admissible in an SVP Act proceeding.

■ The SVP Act requires not only evidence of one of the specified offenses qualifying as predicate acts under section 6600, it also requires proof

that the offense is a sexually violent offense. This may be established with regard to an offense committed against a child, not only by showing force or duress, but alternatively upon showing the offense involved substantial sexual conduct. (§ 6600.)

Since a violation of Penal Code section 288, subdivision (a) (nonforcible lewd acts)[2] is one of the enumerated offenses that may qualify as a predicate offense under section 6600, proof of the elements of the offense or evidence contained solely within the "record of conviction" may be insufficient to establish the offense qualifies as a sexually violent offense or that the offense involved substantial sexual conduct. Unlike a section 288(b) offense (forcible lewd acts), force and duress are not required elements of a section 288(a) offense. Substantial sexual conduct also is not required.

Therefore, evidence outside the record, such as witness testimony, may be necessary in establishing that a section 288(a) offense qualifies as a sexually violent offense. Otherwise a section 288(a) offense would never qualify when the defendant pled guilty or no contest prior to the preliminary hearing, and often would not qualify even if evidence was limited to the elements or record of conviction of a section 288(a) offense. (*Otto, supra,* 26 Cal.4th at p. 212; *Whitney, supra,* 129 Cal.App.4th at pp. 1295–1296.)

Defendant argues the doctrine of res judicata prohibits relitigation of the section 288(a) offense. But the key elements of an SVP qualification, such as force, duress or substantial sexual conduct, were not litigated or decided at the time of defendant's conviction. As a consequence there is no res judicata or collateral estoppel bar to litigating them in the SVP trial.

### B. *Force or Duress*

Defendant contends there was insufficient evidence that he used force or duress in committing the 1998 offense. Therefore the offense did not qualify as a predicate offense under section 6600 for commitment as an SVP. Defendant argues he did not threaten Kyle or coerce him into performing or acquiescing in any act. Defendant claims he did not use his size, age or authority to coerce Kyle. Also, he claims the atmosphere in defendant's bedroom, consisting of nude female photographs on the walls, did not constitute an implied threat or duress. Defendant claims he only enticed Kyle to enter defendant's apartment and bedroom, and then pulled down Kyle's pants. Kyle immediately pulled up his pants and ran out of the room.

---

[2] Hereinafter we refer to this offense as a section 288(a) offense; and to a Penal Code section 288, subdivision (b) offense (forcible lewd acts) as a section 288(b) offense.

### (i) *Law on SVP Commitment*

We review sufficiency of the evidence challenges under the SVP Act according to the same standard pertinent to criminal convictions. (*People v. Mercer* (1999) 70 Cal.App.4th 463, 466 [82 Cal.Rptr.2d 723].) We thus review the entire record in the light most favorable to the judgment to determine whether substantial evidence supports the determination below. (*Ibid.*) We may not determine the credibility of witnesses, nor reweigh any of the evidence, and we must draw all reasonable inferences in favor of the judgment below. (*People v. Poe* (1999) 74 Cal.App.4th 826, 830 [88 Cal.Rptr.2d 437].)

■ In order to establish that defendant was an SVP, the People must prove that (1) *defendant was convicted of two separate sexually violent offenses*; (2) he had a diagnosable mental disorder that made him a danger to the health or safety to others; (3) his disorder makes it likely he will engage in sexually violent criminal conduct if released; and (4) his sexually violent criminal conduct will be predatory in nature. (*People v. Roberge* (2003) 29 Cal.4th 979, 985 [129 Cal.Rptr.2d 861, 62 P.3d 97]; *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 243 [127 Cal.Rptr.2d 177, 57 P.3d 654]; *People v. Hurtado* (2002) 28 Cal.4th 1179, 1186 [124 Cal.Rptr.2d 186, 52 P.3d 116]; § 6600, subd. (a).) Here, the sufficiency of evidence as to the first element is challenged.

■ Section 6600, subdivision (b) defines a "sexually violent offense" as the commission of certain enumerated offenses, including violations of Penal Code section 288, subdivisions (a) and (b), "when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, . . . and result in a conviction . . . as provided in subdivision (a)." (§ 6600, subd. (b).)

■ Section 6600.1, subdivision (a) states that a showing of force or duress is not required: "If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is *a child under the age of 14 and the offending act or acts involved substantial sexual conduct*, the offense *shall* constitute a 'sexually violent offense' for purposes of Section 6600. [¶] (b) '*Substantial sexual conduct*' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or *masturbation* of either the victim or the offender." (Italics added.) It includes "[A]ny contact, however slight of the sexual organ of the victim or the offender would be sufficient to qualify as masturbation and in turn as substantial sexual conduct under the [SVP] Act." (*People v. Chambless* (1999) 74 Cal.App.4th 773, 787 [88 Cal.Rptr.2d 444].)

(ii) *Discussion*

Defendant was convicted in 1998 of committing nonforcible lewd acts with a child under 14 years in violation of Penal Code section 288, subdivision (a). In order to qualify as a sexually violent offense under sections 6600 and 6600.1, there must be evidence defendant used force or duress to commit the offense *or* evidence that the offense involved substantial sexual conduct.

Defendant argues that the 1998 evidence contained in the record of conviction is insufficient to establish force or duress, and the evidence obtained in 2004, that defendant touched Kyle's penis, was inadmissible. As discussed above, the 2004 evidence was admissible for purposes of establishing the 1998 conviction involved force, duress and substantial sexual conduct. Even assuming there was insufficient evidence of force or duress, there was more than ample evidence of substantial sexual conduct. Kyle's and the experts' testimony satisfied this element. Therefore, regardless of the sufficiency of evidence of force or duress, there was substantial evidence that defendant's 1998 conviction qualified as a sexually violent offense under sections 6600 and 6600.1.

## C. *Admissibility of Expert Opinion Testimony*

Defendant argues the expert witness testimony of experts McEachen and Miculian was inadmissible and thus could not be relied on in establishing defendant was an SVP. Specifically, defendant asserts that McEachen and Miculian's conclusions that defendant used force or duress in committing the 1998 offense are unfounded because McEachen and Miculian erroneously assumed defendant used force in holding down Kyle's pants or assumed defendant pulled down Kyle's pants a second time after Kyle pulled them up. Defendant claims neither Kyle nor Detective Beamesderfer stated defendant held down Kyle's pants or pulled them down more than once.

The People argue defendant waived this argument because it was not raised during the SVP trial. We agree. During the SVP trial, defendant objected to the experts giving opinion testimony as to whether defendant was convicted of sexually violent offenses. Defense counsel argued this determination was beyond the scope of their expertise and was a question of fact for the jury. The trial court ruled the expert testimony was permissible.

Defendant thus failed to object at trial to the experts' opinion testimony on the grounds McEachen and Miculian's conclusions that defendant used force or duress in committing the 1998 offense were unfounded because of erroneous factual assumptions. Because defendant did not raise this objection in the trial court, defendant is barred from asserting it on

appeal. (Evid. Code, § 353; *People v. Farnam, supra,* 28 Cal.4th at p. 159, citing *People v. Barnett, supra,* 17 Cal.4th at p. 1130.)

Even if there was no waiver, defendant's contention lacks merit. Any erroneous factual assumptions by the experts could be addressed through cross-examination of the experts and by showing there was no evidence to support their conclusions. Defendant's objection to the experts' opinion testimony goes to weight, not the admissibility of their testimony. (*People v. Reeves* (2001) 91 Cal.App.4th 14, 43 [109 Cal.Rptr.2d 728].) A careless review of the written reports and evidence relied on in support of the experts' opinion testimony affects the weight of their testimony and not its admissibility, and may be attacked on cross-examination or by other expert testimony.

### D. *Due Process Right of Confrontation*

Citing *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] (*Crawford*), defendant contends that admission of McEachen and Miculian's testimony as to his past conduct, other than the predicate offenses, violated his right of confrontation under the due process clause.

#### (i) *Factual and Procedural Background*

Before trial, defendant moved to dismiss the SVP petition on the ground *Crawford* precluded all testimonial hearsay evidence. The trial court denied defendant's motion to dismiss, concluding *Crawford* did not apply and there was no violation of defendant's due process rights. Defendant later renewed his motion, and the court again denied it.

At trial, Miculian and McEachen testified that in forming their opinions that defendant had a mental disorder and presented a risk of reoffense, they relied on various reported acts of misconduct committed by defendant. For instance, Dr. Miculian testified that a social worker reported to a sheriff's investigator that in 1978, defendant's wife said she heard defendant say to their two-year-old daughter, "Come on, Deborah, suck it." Miculian also testified that defendant was convicted in 1976 for making an obscene telephone call to a five-year-old girl, and a friendship with family friends ended because defendant was attracted to the family's five-year-old daughter.

Expert witness Dr. McEachen testified that in 1996 defendant ran down the street carrying a knife and threatening to kill people. He also took a knife to the post office after telling a psychiatric nurse he was going to kill one of the Social Security clerks. In addition, defendant was hospitalized for two weeks after he reportedly wrote a death threat letter to the United States

President. Both experts testified defendant reportedly masturbated and exposed himself to his neighbors in his apartment building.

Before Miculian gave his opinion testimony, the trial court instructed the jury, "Opinion evidence based upon what the expert has been told by others go only to the basis of his or her opinion and should not be considered for its truth. An opinion is only as good as the facts and reasons on which it's based."

### (ii) *Applicable Law*

Defendant contends the court violated his right to confront witnesses by allowing the experts to testify based on hearsay to his past misconduct when explaining the basis of their opinions. Defendant's reliance on *Crawford* is misplaced, and there was no due process violation.

The holding in *Crawford* is based on the Sixth Amendment right of confrontation. *Crawford* holds that, under the Sixth Amendment right of confrontation, "testimonial" hearsay is inadmissible unless the declarant is unavailable to testify and the defendant has had an opportunity to confront and cross-examine the declarant. (*Crawford, supra*, 541 U.S. at p. 68.)

*Crawford* neither expressly nor impliedly extended the Sixth Amendment right of confrontation to civil proceedings. Courts of this state and the United States Supreme Court have repeatedly rejected the notion that the use of some criminal procedural protections in civil commitment proceedings transforms them into criminal prosecutions. (E.g., *Kansas v. Hendricks* (1997) 521 U.S. 346, 364-365 [138 L.Ed.2d 501, 117 S.Ct. 2072]; *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1174, fn. 33 [81 Cal.Rptr.2d 492, 969 P.2d 584]; *People v. Beeson* (2002) 99 Cal.App.4th 1393, 1410 [122 Cal.Rptr.2d 384].) Accordingly, we reject defendant's contention that *Crawford* applies to civil SVP proceedings.

Although defendants in civil SVP proceedings do not have a Sixth Amendment right of confrontation, they do have a due process right of confrontation. The two rights are not coextensive. (*Otto, supra*, 26 Cal.4th at pp. 200, 209, 214; *People v. Angulo* (2005) 129 Cal.App.4th 1349, 1360, 1365, 1368 [30 Cal.Rptr.3d 189].) Due process under the SVP Act "is not measured by the rights accorded a defendant in criminal proceedings, but by the standard applicable to civil proceedings." (*People v. Superior Court (Howard)*, *supra*, 70 Cal.App.4th at p. 154.)

Generally, and in civil SVP proceedings, " '[d]ue process requires only that the procedure adopted comport with fundamental principles of

fairness and decency. The due process clause of the Fourteenth Amendment does not guarantee to the citizen of a state any particular form or method of procedure.' [Citation.]" (*In re Parker* (1998) 60 Cal.App.4th 1453, 1462 [71 Cal.Rptr.2d 167].) In *Otto*, our state Supreme Court explained that an SVP's due process rights depend on several factors, including "the government's interest, . . . the function involved, and the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." (*Otto*, *supra*, 26 Cal.4th at p. 214.)

Noting SVP proceedings are governed by the due process clause, rather than the Sixth Amendment confrontation clause, in *People v. Angulo, supra*, 129 Cal.App.4th 1349, we concluded, first, that allowing expert testimony regarding a defendant's prior conduct did not violate *Crawford* because *Crawford* does not apply to civil commitment proceedings. (*Id.* at p. 1368.) Second, *Crawford* is not violated if the defendant had a prior opportunity to cross-examine the victims of the misconduct and the officers reporting the misconduct. (*Ibid.*) Also, since the Civil Discovery Act applies to SVP Act proceedings, the defendant could have exercised his right of confrontation in the SVP proceeding by taking the depositions of the victims and police officers, and using the depositions at the trial of this case. (Code Civ. Proc., §§ 2025, subd. (u)(3)(A), 2026; *People v. Angulo, supra*, 129 Cal.App.4th at p. 1368.)

Likewise, in the instant case, *Crawford* does not apply nor was there a due process violation of the right to confront witnesses. Defendant had the opportunity to conduct civil discovery and cross-examine the experts. There is also nothing in the record establishing that defendant was unable to cross-examine those reporting the misconduct. Furthermore, the hearsay statements by those reporting the misconduct were not testimonial, as required under *Crawford*, and the experts did not use the statements for the truth of the facts stated but for the purpose of explaining the basis of their opinions.

■■■ Under Evidence Code section 801, subdivision (b), "experts may testify as to their opinions on relevant matters and, if questioned, may relate the information and sources on which they relied in forming those opinions. Such sources may include hearsay. (See *People v. Gardeley* (1996) 14 Cal.4th 605, 618–619 [59 Cal.Rptr.2d 356, 927 P.2d 713]; Evid. Code, § 801, subd. (b) [an expert's opinion may be based on matter 'whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates']." (*People v. Thomas* (2005) 130 Cal.App.4th 1202, 1209–1210 [30 Cal.Rptr.3d 582].)

We explained in *People v. Thomas, supra,* 130 Cal.App.4th 1202, that "*Crawford* does not undermine the established rule that experts can testify to their opinions on relevant matters, and relate the information and sources upon which they rely in forming those opinions. This is so because an expert is subject to cross-examination about his or her opinions and additionally, the materials on which the expert bases his or her opinion are not elicited for the truth of their contents; they are examined to assess the weight of the expert's opinion. *Crawford* itself states that the confrontation clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.' [Citations.]" (*Id.* at p. 1210.)

We thus concluded in *Thomas* that allowing the expert's hearsay statements did not violate the confrontation clause, as interpreted in *Crawford,* because the statements were not offered to establish the truth of the matter asserted, but merely as one of the bases for the expert witness's opinion.

Here, the experts' testimony concerning defendant's past conduct did not violate defendant's right to confront witnesses because the testimony was introduced, not to establish the truth of the statements that defendant committed misconduct, but for the purpose of explaining the bases of the experts' opinions.

### E. *Admissibility of Pornographic Photographs*

Defendant contends the trial court erred in admitting inflammatory pornographic photographs. Over defense counsel's objection, the court permitted the People to introduce into evidence three out of 200 pornographic photographs plastered on the walls of defendant's bedroom at the time of the 1998 offense.

Before the SVP trial, defense counsel moved to exclude the photographs on the grounds they were irrelevant and unduly prejudicial under Evidence Code section 352. The prosecutor explained that Kyle had reported seeing the photos on defendant's bedroom walls during the 1998 offense and they were relevant to show duress based on the environment where defendant committed the lewd acts. The photos showed naked women and defendant's naked six-year-old daughter.

The prosecutor also argued the experts relied on descriptions of the photos to form their opinions. The prosecutor intended at trial to show the experts the photos for the purpose of allowing the experts to form their opinions based on the actual photos rather than based on the descriptions. In addition,

the photos showed that defendant suffered from pedophilia and was at risk of committing another sexual offense.

The court selected three photographs which the court permitted the prosecution to show the jury for purposes of establishing defendant's mental state. The remaining pornographic photos were excluded on the grounds the photos were cumulative.

At trial the experts testified they based their opinions solely on descriptions of the photos. The prosecutor showed the experts three of the photos. The experts testified the three photos provided further substantiation for their existing opinions. Dr. Miculian testified that the photos of defendant's daughter and the naked women supported his conclusion that the photos caused Kyle to experience discomfort, amounting to duress, when he was in defendant's bedroom. Miculian further stated the photos also showed defendant continued to have a sexual interest in children, even after seven years of treatment at Patton State Hospital for his 1980 conviction. One of the three photos was of defendant's daughter, who was naked with a hilt and blade of a large sword directly below it. Another photo showed naked women. The third photo was of the spaceship defendant used to lure Kyle into his room.

 Under Evidence Code section 352, the trial court has broad discretion in assessing "whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion or consumption of time." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124 [36 Cal.Rptr.2d 235, 885 P.2d 1].) The trial court's exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]" (*People v. Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79]; see also *People v. Rodrigues, supra*, 8 Cal.4th at p. 1124.)

Here, the photographs were relevant to show the evidence the experts relied on in forming their opinions. The photos also were relevant to the issue of duress and to establishing defendant's state of mind: that he suffered from pedophilia, which made him a continuing risk of danger to children. The trial court explained on the record that it limited the number of the photos to reduce the cumulative impact of the numerous photos, and concluded the three photos' probative value outweighed their prejudicial nature.

There was no abuse of discretion since the photos were relevant and only three were used. The photos depicted that which had already been described and substantiated the experts' testimony. We cannot say "the [trial] court exercised its discretion in an arbitrary, capricious or patently absurd manner

that resulted in a manifest miscarriage of justice." (*People v. Rodrigues, supra,* 8 Cal.4th at p. 1124.)

F. *Unanimity Instruction*

With regard to the 1998 offense, defendant complains the trial court erred in failing to give sua sponte a unanimity instruction (CALJIC No. 17.01) on whether the jury found force, duress or substantial sexual conduct.

 Under the unanimity instruction rule, "Where the evidence shows that several criminal acts may have been committed and the defendant is not charged separately with a violation of all those acts, the trial court is required, sua sponte, to instruct the jurors that they must unanimously agree beyond a reasonable doubt upon the particular act constituting the crime. [Citations.] The purpose of this rule is to insure that all jurors agree beyond a reasonable doubt that one particular act or acts constitute the crime charged." (*People v. Washington* (1990) 220 Cal.App.3d 912, 915 [269 Cal.Rptr. 668].)

 Since SVP proceedings are civil in nature, even though some criminal procedural protections apply, the rule requiring a unanimity instruction does not apply in SVP civil commitment proceedings. (*People v. Washington, supra,* 220 Cal.App.3d at pp. 915–917; *Whitney, supra,* 129 Cal.App.4th at pp. 1297–1298; *Kansas v. Hendricks, supra,* 521 U.S. at pp. 364–365; *Hubbart v. Superior Court, supra,* 19 Cal.4th at p. 1174, fn. 33; *People v. Beeson, supra,* 99 Cal.App.4th at p. 1410.)

 Furthermore, in a criminal proceeding, a unanimity instruction is required concerning acts that could be charged as separate offenses but is not required as to elements of a charged criminal offense. In the instant SVP proceeding, duress, force, and substantial sexual conduct are alternative factors or elements required in finding the 1998 offense qualifies as a sexually violent offense. A unanimity instruction is not required sua sponte on those requisite factors.

Since the court adequately instructed the jury on each of the elements of defendant's civil commitment, we conclude the trial court did not commit prejudicial error by not giving a unanimity instruction sua sponte.

### 4. <u>Disposition</u>

The judgment is affirmed.

Ramirez, P. J., and McKinster, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 26, 2006, S141197.