Filed 7/15/15  In re Michael M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| In re MICHAEL M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL M., Defendant and Appellant. | F070128 (Super. Ct. No. JJD067063) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant Michael M. challenges the sufficiency of the evidence to support his juvenile adjudication for committing a lewd act with a child, a violation of Penal Code section 288, subdivision (a).[1] We affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

On July 2, 2013, Michael admitted to committing two counts of battery and one count of assault, all misdemeanors. Michael was declared a ward of the juvenile court and placed under the supervision of the probation officer.

As a result of the filing of a second Welfare and Institutions Code section 602 petition on August 29, 2013, Michael admitted to committing three counts of misdemeanor battery. Michael was continued as a ward of the juvenile court and placed under the supervision of the probation officer.

Another Welfare and Institutions Code section 602 petition was filed against Michael and on March 6, 2014, Michael admitted committing misdemeanor vandalism. At the dispositional hearing, Michael was removed from the custody of his mother and placed in the custody of the probation officer for suitable placement. Michael was placed in the foster home of Rosa Acuna.

Esmeralda Espinoza is Acuna's mother and the foster mother of M.M., who in July 2014 was nine years old. On July 8, 2014, M.M. was swimming at the Acuna home. Michael was the only other person in the pool. M.M. was in the pool with Michael when M.M. felt Michael touch his penis over his swimsuit.

M.M. subsequently told J.A., another of Espinoza's foster sons, what had happened. J.A. told Espinoza that something had happened to M.M. Espinoza spoke to M.M. and asked him questions about what had happened. M.M. was nervous and embarrassed when speaking about the incident. M.M. previously had been a victim of

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

inappropriate touching and had received counseling on this subject; Espinoza had made clear to M.M. how important it was he tell her about any inappropriate touching.

Espinoza reported the incident. Officer Mark Lightfoot investigated the matter and spoke to Michael after advising him of his constitutional rights. Lightfoot told Michael that M.M. had accused him (Michael) of touching M.M.'s penis and also doing "some thrusting, gyrating, like a sexual-type motion on him" while they were in the pool. Michael told Lightfoot he "was not the type of person that would do something like that."

Michael told Lightfoot he knew the type of behavior Lightfoot was describing was "wrong." Michael continued to deny the accusations made against him by M.M.

At the adjudication hearing, Michael did not testify and presented no evidence.

The juvenile court found that based on the quality and nature of the testimony, M.M. was touched on his genitals. The juvenile court opined that it was a "close case" on whether Michael had the requisite intent when he touched M.M., but that circumstantial evidence established Michael had the intent and the allegation was proved beyond a reasonable doubt.

## DISCUSSION

The sole contention on appeal is that the evidence was insufficient to support a finding that Michael had the requisite intent to commit the offense set forth in section 288, subdivision (a). Michael contends there was no evidence he touched M.M. for purposes of sexual gratification.

Section 288, subdivision (a) is violated when a person willfully and lewdly commits any lewd or lascivious act upon the body of a child under the age of 14 years with the intent of arousing or gratifying the sexual desires of that person or the child. Here, Michael has challenged only the intent element of this offense and asserts that M.M. "over reacted after being innocently touched while playing in a swimming pool."

In assessing a challenge to the sufficiency of the evidence in a juvenile delinquency proceeding, this court reviews the whole record in the light most favorable to

3.

the judgment to determine whether it contains substantial evidence. (*In re Ryan D.* (2002) 100 Cal.App.4th 854, 859 (*Ryan D.*).) This court does not reevaluate the credibility of witnesses, reweigh the evidence, or resolve evidentiary conflicts. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 52-53.) The testimony of one witness is sufficient to support a conviction. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

The requisite intent for a violation of section 288, subdivision (a) may be proven by circumstantial evidence. (*People v. Singh* (2011) 198 Cal.App.4th 364, 368.) No force of any kind or substantial sexual conduct is required for a violation of section 288, subdivision (a). (*People v. Fulcher* (2006) 136 Cal.App.4th 41, 51.)

The touching of M.M. occurred in a swimming pool and over M.M.'s swimsuit while M.M. and Michael were alone in the pool. There was no evidence presented that Michael's touching of M.M. was accidental. Michael touched M.M.'s penis. M.M. was nervous and embarrassed when speaking about the incident. When asked about the incident by Lightfoot, Michael did not claim the touching was accidental; instead, he denied any touching occurred.

The juvenile court credited M.M.'s testimony about the touching; there was no evidence presented that the touching did not occur; and M.M. was the only witness to the incident who testified. In crediting M.M.'s testimony about the touching, the juvenile court as the trier of fact could infer that Michael's denial that any touching occurred evidenced a consciousness of guilt. (*People v. Hughes* (2002) 27 Cal.4th 287, 335 [false denial evidences consciousness of guilt].)

Here, Michael touched an intimate part of M.M.'s body, his penis, but was not in physical contact with any other part of M.M.'s body while the two were in the pool; the touching occurred after the third child in the pool had exited and M.M. and Michael were alone in the pool; the touching made M.M. nervous and embarrassed; and Michael falsely denied that any touching occurred. A trier of fact, in this case the juvenile court, is

entitled to infer that a touch of this nature, under these circumstances, was motivated by sexual gratification. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1181-1182.)

Substantial evidence supported the juvenile court's determination that Michael committed a violation of section 288, subdivision (a). (*Ryan D., supra,* 100 Cal.App.4th at p. 859.)

## DISPOSITION

The order is affirmed.