Filed 11/6/24  P. v. Matos CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080758 |
| v. | (Super.Ct.No. RIF2102962) |
| LUIS DILINYEL MATOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy J. Hollenhorst, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Andrew Mestman and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Luis Dilinyel Matos guilty of engaging in sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7, subd.

1

(a))[1]; sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b)); and two counts of committing a lewd and lascivious act upon a child under 14 years of age (§ 288, subd. (a)).  The trial court sentenced defendant to prison for a determinate term of eight years, plus an indeterminate term of 40 years to life.  Defendant contends there is not substantial evidence of penetration for the sexual intercourse conviction (§ 288.7, subd. (a)).  We affirm.

**FACTS**

A.  <u>FORENSIC INTERVIEW</u>

Defendant was the boyfriend of the victim's Mother.  The victim is female.  The victim was 10 years old at the time of the sexual assault and at the time of the forensic interview regarding the sexual assault.  During the forensic interview, the victim said that defendant pulled down her pants and they laid down on a bed.  Defendant "told [the victim] like [inaudible] put in his-his thing."  The following discussion was then had:

Interviewer:  "What does he do next?

"[The victim]:  He puts his [penis], like where my private part is.

"[Interviewer]:  Uh-huh.  And what does he do with his [penis] where his— where your private part is?

"[The victim]:  He like starts to move.

"[Interviewer]:  Mm-hmm.  Tell me how it's moving.

"[The victim]:  Like up and down."

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

2

The victim said defendant's "motions like going up and down" caused her pain. The pain felt "kind of like when you get pinched." The interviewer told the victim "there's different parts to the private . . . area": "the top," "the line where we wipe," and "inside where stuff comes out of." The victim said she felt the pain "[l]ike around the line." The interviewer asked, "When [defendant] was going up and down with his thing, what part was he doing that to of your area?" The victim replied, "I think the line."

B.    TRIAL

At trial, the victim said defendant touched her vagina with his penis. When asked, "[W]hat part of your vagina did [his penis] touch?" The victim replied, "The top of it." Defendant's trial counsel asked the victim, "So when we're talking about your vagina, are you referring to the whole area, or were you just talking about the vagina that's actually inside your body?" The victim replied, "Like in general." Defense counsel responded, "And that makes sense, because when you talk with your friends . . . if they say 'vagina,' they don't mean the actual vaginal canal, right?" The victim replied, "Yeah."

**DISCUSSION**

Defendant contends there is not substantial evidence of penetration. Defendant asserts the evidence can be understood as defendant rubbing his penis along the victim's genitals, without separating and penetrating the victim's labia majora.

In applying the substantial evidence standard of review, we view " 'the evidence in the light most favorable to the prosecution and presume in support of the judgment

3

the existence of every fact the jury could reasonably have deduced from the evidence.' " (*People v. Penunuri* (2018) 5 Cal.5th 126, 142.) " 'A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*Ibid.*)

"Sexual intercourse" for purposes of section 288.7, subdivision (a), "require[s] penetration of [the] labia majora, not [the] vagina." (*People v. Dunn* (2012) 205 Cal.App.4th 1086, 1097; see also *People v. Paz* (2017) 10 Cal.App.5th 1023, 1037.)

During the forensic interview, the victim said that her pants were lowered and defendant told her to "put in his-his thing." Defendant then "put[] his [penis], like where [the victim's] private part is." After that, "[h]e like start[ed] to move." The movement was an "up and down" motion with his body. At the time, defendant and the victim were lying side-by-side facing one another on a bed. In that position, an up-and-down motion with one's body can be interpreted as movement in the direction of one's head and feet. Therefore, defendant's penis was repeatedly moving upward toward the victim's labia majora. The victim felt a pain in her genitals, like a pinching sensation due to defendant's "motions like going up and down." A trier of fact could reasonably infer that the pain was due to defendant penetrating the victim's labia majora with his upward movements. Accordingly, substantial evidence supports the finding of penetration.

Defendant contends the pain the victim felt could have been caused by the friction of defendant rubbing his penis back and forth along the victim's genitals—without penetration occurring. Under the substantial evidence standard of review, we

must make all reasonable inferences in favor of the judgment. (*People v. Fulcher* (2006) 136 Cal.App.4th 41, 52.) Defendant instructed the victim to put his penis "in," and defendant repeatedly moved his body "up and down." That evidence supports the finding that defendant's penis was moving upward toward the victim's labia majora— not back and forth.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

FIELDS _____
J.