Filed 5/28/26  P. v. Johnson CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL JOHNSON,<br><br>    Defendant and Appellant. | G064810<br><br>(Super. Ct. No. M-19955)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge. Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Servidal, Assistant Attorney General, Paige B. Hazard, Steve Oetting and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury found defendant Michael Johnson to be a sexually violent predator (SVP). An SVP is "a person who has been convicted of a sexually violent offense against one or more victims and who has *a diagnosed mental disorder* that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (See Welf. & Inst. Code, § 6600, subd. (a)(1), italics added.)[1]

Johnson's sole claim on appeal is that the trial court erred by failing to instruct the jurors that they needed to unanimously agree on which diagnosed mental disorder he has (a unanimity instruction).

But long-standing case law makes clear that "a unanimity instruction does not apply in SVP civil commitment proceedings." (*People v. Fulcher* (2006) 136 Cal.App.4th 41, 59 (*Fulcher*); see also *People v. Carlin* (2007) 150 Cal.App.4th 322, 347 (*Carlin*).) We see no reason to depart from these holdings; therefore, we affirm the judgment.

I.

FACTS AND PROCEDURAL BACKGROUND

In 1973, Jane Doe One (JD1) was at a laundromat doing laundry when Johnson came up behind her and demanded sex. When JD1 refused, Johnson physically assaulted her, took her into a public bathroom, and sexually assaulted her. Johnson was convicted of rape.

In 1978, Johnson was at the home of his cousin JD2, shortly after being released from prison. Johnson gave JD2 a note saying that he wanted to have sex with her. When JD2 refused, Johnson physically and sexually assaulted her. Johnson was convicted of rape.

___

[1] Further undesignated statutory references are to the Welfare and Institutions Code; we will also omit the word "subdivision" or "subd."

In June 1993, JD3 was in her home when she heard a knock at her front door. Johnson violently forced his way in. Johnson grabbed a knife from the kitchen and pointed it JD3's neck. Johnson ordered JD3's five-year-old son to go into the bathroom and close the door. Johnson tried to rape JD3, but was unable to do so. Johnson fled when JD3's husband arrived home. Johnson was convicted of assault with intent to commit rape.

In November 1993, JD4 came home and saw Johnson at her front door. Johnson entered her home and refused to leave. Johnson forcibly grabbed JD4, told her not to scream, and threatened to kill her. Johnson sexually assaulted JD4. Johnson was convicted of crimes including rape and forcible oral copulation.

*SVP Proceedings*

In 2022, the People filed an SVP petition to seeking to civilly commit Johnson upon his release from state prison. The trial court found probable cause to believe Johnson was likely to engage in sexually violent predatory criminal behavior upon his release, and ordered Johnson to be confined to a state hospital pending a trial.

In 2024, the court presided over a jury trial. Dr. Andrew Tamanaha, a clinical psychologist, opined Johnson has an antisocial personality disorder, and he was likely to engage in sexually violent criminal behavior. Dr. Stephen Jenkins, a forensic psychologist, opined Johnson has an antisocial personality disorder, and a nonspecific paraphilic disorder (an abnormal interest in sex), and he posed an above average risk for reoffending. Dr. Christoper Fisher, a forensic psychologist, testified for Johnson and opined he did not have a mental disorder and had a low risk of reoffending.

At the conclusion of the 10-day trial, the jury found it true that

3

Johnson is an SVP under the meaning of the SVP Act (SVPA). The trial court committed Johnson to the State Department of State Hospitals (SDSH) for an indeterminate term.

## II.

## DISCUSSION

Johnson claims the trial court erred because it did not instruct the jurors sua sponte that they needed to unanimously agree as to which diagnosed mental disorder he has (a unanimity instruction). We disagree.

Appellate courts apply a de novo standard of review when considering whether a trial court erred in not giving a unanimity instruction on its own motion. (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 568.)

In this part of the discussion, we shall: A) state general principles of law; B) summarize the relevant trial court proceedings; and C) analyze the facts as applied to the law.

*A. General Legal Principles*

"'Sexually violent predator' means a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600 (a)(1).)

"'Diagnosed mental disorder' includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600 (c).)

"Once the Department of Corrections and Rehabilitation

determines an inmate nearing release from prison may be an SVP, the SDSH designates two psychiatrists or psychologists to examine the person using a standardized assessment protocol." (*People v. Superior Court* (*Smith*) (2018) 6 Cal.5th 457, 462.) "If the evaluators concur that the person qualifies as an SVP, then the Director of State Hospitals must forward a request that a petition for commitment be filed in the superior court of the county that imposed the sentence the person is currently serving." (*Ibid.*)

"If the court finds probable cause that 'the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release,' the case proceeds to trial." (*Needham v. Superior Court* (2024) 16 Cal.5th 333, 351.)

"SVP trials are '"special proceedings of a civil nature,"' wholly unrelated to any criminal case." (*Moore v. Superior Court* (2010) 50 Cal.4th 802, 815.) "A person subject to this article is entitled to a trial by jury, to the assistance of counsel, to the right to retain experts . . . ." (§ 6603 (a).) In a SVP trial, the verdict must be unanimous, and the finding that a person is an SVP must be found beyond a reasonable doubt. (§§ 6603 (g), 6604.)

"In a criminal case, a jury verdict must be unanimous." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132 (*Russo*).) A trial court has a sua sponte duty to give a unanimity instruction in criminal cases when it is needed. "[W]hen the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*Ibid.*) "This requirement of unanimity as to *the criminal act* 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.'" (*Ibid.*, italics added.)

"On the other hand, where the evidence shows only a single

discrete crime but leaves room for disagreement as to exactly how that crime was committed or what the defendant's precise role was, the jury need not unanimously agree on the basis or, as the cases often put it, the 'theory' whereby the defendant is guilty." (*Russo, supra,* 25 Cal.4th at p. 1132.) For instance, in a first degree murder trial the jurors must unanimously agree defendant committed the specific crime, but the jury "need not agree on a theory of premeditation or felony murder" and "the jury need not agree on whether defendant was guilty as the direct perpetrator or as an aider and abettor as long as it agrees on a specific crime [citation]." (*Id.* at p. 1133.)

*B. Trial Court Proceedings*

Prior to Johnson's SVP trial, the People filed a motion asking "the court to preclude an unanimity requirement regarding [Johnson's] specific diagnosed mental disorder. The jury must be unanimous that [Johnson] has a diagnosable mental disorder . . . . However, there is no such requirement of *unanimity* as to the specific diagnosis that comprises the 'diagnosable mental disorder.'"

The People argued: "It is clear that all jurors do not have to agree on the theory that gives rise to a finding of first degree murder [citation] and in the same vein, all jurors do not have to agree on the specific mental disorder that gives rise to a finding of a 'diagnosed mental disorder.'"

At a pretrial hearing, Johnson did not object to the People's motion in limine, and the trial court granted the motion. The court explained: "I believe the case law is that there is no unanimity requirement so long as the jury makes a true finding that Mr. Johnson does suffer from a specific diagnosed mental disorder."

During the trial, the People asked for a jury instruction to

6

affirmatively inform the jurors that they did not have to agree on the specific diagnosed mental disorder. The trial court noted that the pattern SVP jury instruction did not affirmatively state this, but the court told the prosecutor that he could make this argument to the jury, and Johnson did not object.

The court instructed the jury that "the People must prove beyond a reasonable doubt that: [¶] 1. [Johnson] has been convicted of committing a sexually violent offense; [¶] 2. He has a diagnosed mental disorder; [¶] AND [¶] 3. As a result of that diagnosed mental disorder, he is a danger to the health and safety of others because it is likely that he will engage in sexually violent predatory criminal behavior." (CALCRIM No. 3454.) The court also instructed: "Your verdict must be unanimous. This means that, to return a verdict, all of you must agree to it." (CALCRIM No. 3454.)

At the close of the evidence, the prosecutor argued: "Ladies and gentlemen, the People have proved beyond a reasonable doubt that the respondent has a diagnosed mental disorder. I want to be clear about one thing, though: You are not required to agree as to which diagnosis he has. All you have to all agree is he has a diagnosis. Some of you might think it's other specified paraphilic disorder . . . ; some of you might think it's antisocial personality disorder; some of you might think it's both. The law does not require you to agree. All it requires you to do is find that he does have a diagnosed mental disorder."

## C. Application and Analysis

The SVPA requires a jury's *verdict* to be unanimous, but the law does not require unanimity as to alternative *factors* supporting an SVP finding. (*Fulcher*, *supra*, 136 Cal.App.4th at p. 59.) In *Fulcher*, a jury found defendant to be an SVP based on a sexually violent offense defendant had

7

committed about eight years prior (in 1998). A sexually violent offense is generally an offense committed by "force, duress or substantial sexual conduct." (*Ibid*.) On appeal, defendant argued that "the trial court erred in failing to give sua sponte a unanimity instruction . . . on whether the jury found force, duress or substantial sexual conduct." (*Ibid*.) The Court of Appeal disagreed: "Since SVP proceedings are civil in nature, even though some criminal procedural protections apply, the rule requiring a unanimity instruction does not apply in SVP civil commitment proceedings." (*Ibid*.)

In *Fulcher*, the appellate court explained that "in a criminal proceeding, a unanimity instruction is required concerning acts that could be charged as separate offenses but is not required as to elements of a charged criminal offense. In the instant SVP proceeding, duress, force, and substantial sexual conduct are alternative factors or elements required in finding the 1998 offense qualifies as a sexually violent offense. A unanimity instruction is not required sua sponte on those requisite factors." (*Fulcher, supra,* 136 Cal.App.4th at p. 59.) The court held: "Since the [trial] court adequately instructed the jury on each of the elements of defendant's civil commitment, we conclude the trial court did not commit prejudicial error by not giving a unanimity instruction sua sponte." (*Ibid*.)

In 2007, a year after *Fulcher*, another appellate court came to a similar holding. (*Carlin, supra*, 150 Cal.App.4th at pp. 347–348.) In *Carlin*, a jury found defendant to be an SVP based on three prior convictions for sexually violent offenses. (*Ibid*.) On appeal, defendant argued that "the trial court erred in failing to instruct the jurors that they must unanimously agree on which prior convictions involved substantial sexual conduct." (*Id*. at p. 347.) The Court of Appeal disagreed: "Under the SVPA, the jury must determine whether the requirements for classification as an SVP have been

established 'beyond a reasonable doubt' and the jury's *verdict* must be unanimous. [Citations.] There is no statutory requirement regarding unanimity for each subpart of the SVP determination." (*Ibid.*)

In *Carlin*, the appellate court explained: "Even under the unanimity rule applicable to criminal cases, a unanimity instruction is required only in specific circumstances. The instruction is required if the evidence shows that several criminal *acts* may have been committed, but the defendant was not charged with a separate violation for each act; there must be a unanimous verdict regarding each specific act for which the defendant is convicted. [Citations.] If, in contrast, the prosecution presents multiple *theories* regarding one criminal act or event, a unanimity instruction is not required." (*Carlin, supra,* 150 Cal.App.4th at p. 347, italics added.)

The *Carlin* court held that because defendant's prior three prior "convictions constitute alternative means of satisfying the 'sexually violent offense' element, similar to presentation of multiple possible overt acts in a conspiracy case, we conclude the jury need not unanimously agree on which . . . convictions satisfied the 'sexually violent offenses' element. The People's alleged presentation of multiple acts that could show 'substantial sexual conduct,' a relevant factor in establishing a 'sexually violent offense,' is similarly a presentation of *alternative theories* that does not require unanimity." (*Carlin, supra,* 150 Cal.App.4th at p. 348, italics added.)

We agree with the holdings in *Fulcher* and *Carlin*. In this case, the SVPA required the jurors to find Johnson had "a diagnosed mental disorder." (§ 6600 (a)(1).) However, the jurors were not required to agree on which diagnosed mental disorder Johnson suffered from. There was some evidence Johnson had an antisocial personality disorder, and there was some evidence he had a nonspecific paraphilic disorder. But these were simply two

9

alternative legal theories that did not require unanimity. (See *Russo, supra,* 25 Cal.4th at p. 1132 ["the jury need not unanimously agree on the basis or . . . the 'theory' whereby the defendant is guilty"].)

The trial court fulfilled its obligations by instructing the jury: "Your verdict must be unanimous." (See CALCRIM No. 3454.) And consistent with *Fulcher* and *Carlin*, we hold that the court had no further obligation to instruct the jurors sua sponte that they also had to unanimously agree on "each subpart of the SVP determination." (*Carlin, supra,* 150 Cal.App.4th at p. 347; see also *Fulcher, supra,* 136 Cal.App.4th at p. 59.)

As the prosecutor correctly argued to the jurors: "You are not required to agree as to which diagnosis he has. All you have to all agree is he has a diagnosis. Some of you might think it's other specified paraphilic disorder . . . ; some of you might think it's antisocial personality disorder; some of you might think it's both. The law does not require you to agree. All it requires you to do is find that he does have a diagnosed mental disorder."

Thus, we find the trial court did not commit an instructional error, and we affirm the judgment.

Johnson notes that in 2006, the SVPA was amended to allow for longer (indeterminate) periods of civil commitment. (Prop. 83, as approved by voters, Gen. Elec. Nov. 7, 2006.) Johnson points out that this occurred after the appellate court's opinion was filed in *Fulcher, supra,* 136 Cal.App.4th 41 (filed on January 11, 2006). Therefore, Johnson argues that *Fulcher's* holding—that the unanimity rule does not apply in an SVP trial—is no longer controlling. We disagree.

First of all, we note that the opinion in *Carlin* was filed in 2007, which is after the SVPA was amended. And again, just as in *Fulcher*, the appellate court held in *Carlin* that "[t]here is no statutory requirement

regarding unanimity for each subpart of the SVP determination." (*Carlin, supra,* 150 Cal.App.4th at p. 347.)

But more importantly, we agree with the Attorney General that "there is nothing in length of commitment that would compel adding such a statutory requirement of unanimity as to each criterion under the SVPA where the Legislature and [the] electorate have declined to do so." (See *United Shippers, Inc. v. Superior Court* (1980) 104 Cal.App.3d 359, 362 ["The Legislature is presumed to be aware of case law when it amends a statute"]; see also *O.G. v. Superior Court* (2021) 11 Cal.5th 82, 98 ["in enacting an initiative, voters are presumed to be aware of existing laws"].)

Johnson also argues that a "diagnosed mental disorder is a fact for jury determination; it is not a legal theory." (Capitalization & boldface omitted.) We disagree.

A diagnosed mental disorder is defined in the SVPA as follows: "'Diagnosed mental disorder' includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600 (c).) That is, a diagnosed mental disorder is a legal theory because it includes no criminal *acts* that the defendant must commit, and the jury must then agree on, which would trigger the unanimity rule. (See *Russo, supra,* 25 Cal.4th at p. 1132 ["the court must require the jury to agree on the same criminal act"].)

Further, the unanimity rule requires a jury to agree on a criminal defendant's different *acts* that form the basis of a crime, but it does <u>not</u> require the jury to agree on different facts supporting the legal *theory* underlying the crime. (*People v. Davis* (1992) 8 Cal.App.4th 28, 34.) The unanimity "rule takes as irrelevant any jury disagreement on subordinate

11

issues. It matters not that jurors may disagree over the theory of the crime, for example, whether the situation involves felony murder or premeditated murder. Nor does it matter that they disagree on the theory of participation, for example, whether there was direct participation or aiding and abetting or coconspiracy. *Nor does it matter that they disagree about the facts* proving any of these theories. If each juror concludes, based on legally applicable theories supported by substantial evidence, that the defendant is guilty of the charged offense, the defendant is properly found guilty even if the jurors disagree about *the particular theories or facts*." (*Ibid*., italics added.)

Finally, Johnson argues: "The SVPA expressly provides for the beyond a reasonable doubt standard and for a unanimous jury verdict." (Boldface & capitalization omitted.) And: "The duty to instruct in a civil proceeding arises from the due process clause of the Fourteenth Amendment." We agree these are correct propositions of law.

But the pattern jury instruction used by the trial court expressly complied with the "beyond a reasonable doubt" and the "unanimous jury verdict" requirements of the SVPA. (See CALCRIM No. 3454 [a jury must find that a person is an SVP "beyond a reasonable doubt" and the "verdict must be unanimous"].) Thus, the trial court fulfilled its duty to instruct in this SVP special proceeding of a civil nature, and there was no instructional error or due process violation as Johnson contends. (See *Moore v. Superior Court, supra,* 50 Cal.4th at p. 815.)

To reiterate and conclude, it is settled law that a trial court is not required to give a unanimity instruction in an SVP jury trial. (*Fulcher, supra,* 136 Cal.App.4th at p. 59; *Carlin*, *supra*, 150 Cal.App.4th at p. 347.) And Johnson's various arguments on appeal do not convince us to depart from these long-standing holdings.

## III.

## DISPOSITION

The judgment is affirmed.

MOORE, J.

WE CONCUR:

MOTOIKE, P. J.

SANCHEZ, J.