In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3328

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JAMES GOODPASTURE,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07-30185-WDS—**William D. Stiehl**, *Judge*.

ARGUED JANUARY 11, 2010—DECIDED FEBRUARY 8, 2010

Before EASTERBROOK, *Chief Judge*, KANNE, *Circuit Judge*,
and KENNELLY, *District Judge*.[†]

EASTERBROOK, *Chief Judge*.    After pleading guilty to
unlawful possession of a firearm, 18 U.S.C. §922(g)(1),
James Goodpasture was sentenced to 180 months' impris-
onment as an armed career criminal. This description
applies to any person who "has three previous
convictions . . . for a violent felony or a serious drug

[†] Of the Northern District of Illinois, sitting by designation.

offense". 18 U.S.C. §924(e)(1). Goodpasture concedes that his two convictions for aggravated sexual abuse meet the statutory definition of a "violent felony". The district court concluded that a third conviction—for a lewd or lascivious act involving a person under the age of 14, see Cal. Penal Code §288(a)—also satisfies the federal definition. Goodpasture's only appellate contention is that the California crime is not a "violent felony" for federal purposes.

Section 288(a) provides:

> Any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . .

(This is the current version, which differs only in irrelevant detail from the version in force when Goodpasture committed his crime.) Any lascivious touching with the prohibited intent violates this statute. *People v. Martinez*, 11 Cal. 4th 434, 442, 903 P.2d 1037, 1041 (1995). The prosecution need not show that the child was harmed (physically or mentally) or at risk of harm. Nor need the prosecution show that force or fraud was used, see *People v. Fulcher*, 136 Cal. App. 4th 41, 51, 38 Cal. Rptr. 3d 702, 709 (4th Dist. 2006), or that one participant was older than the other. A person aged 13 or under may be convicted under §288(a). See *In re Paul C.*, 221 Cal. App. 3d 43, 270 Cal. Rptr. 369 (3d Dist. 1990); *In re T.A.J.*, 62 Cal. App. 4th

1350, 1365, 73 Cal. Rptr. 331, 340–41 (1st Dist. 1998). The petting in which many middle school students engage is a felony in California, if either party participates with a goal of arousing sexual desire.

A crime can be classified as a "violent felony" in either of two ways: if it

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §924(e)(2)(B). Romanette (i) does not apply to Goodpasture, because physical force is not an element of the §288(a) offense. Tickling involves a touching but is not ordinarily understood to involve "force"; likewise French kissing and fondling usually are gentle. A child in California cannot give a valid consent to sexual acts, but the absence of consent does not turn a light touch into "physical force against the person of another". Unless the Supreme Court holds in *Johnson v. United States*, cert. granted, 129 S. Ct. 1315 (2009) (argued Oct. 6, 2009), that any unconsented touching is "physical force" for federal purposes, the sort of conduct covered by §288(a) does not come within romanette (i). See *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003). The "physical force" to which romanette (i) refers is the kind capable of causing bodily injury, not the kind that poses a psychological risk (the subject of §288(a)).

*Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), thought that "serious potential risk of physical injury" in romanette (ii) must be read in the context of the language about burglary, arson, extortion, and explosives. *Begay* concludes that only "purposeful, violent, and aggressive conduct" that creates a serious risk of physical injury comes within the statute. 128 S. Ct. at 1586. This led it to hold that felony drunk driving is not a violent felony, even if someone dies as a result. Nor is failure to report to prison, because that is not violent or aggressive. *Chambers v. United States*, 129 S. Ct. 687, 692 (2009). See also *United States v. Templeton*, 543 F.3d 378 (7th Cir. 2008) (walkaway escape from prison is not a violent felony). Yet drunk driving and avoiding lawful custody are easier to classify as violent and aggressive than are tongue kissing and fondling. What is more, nothing in the record (or any scholarly literature we have seen) suggests that kissing or fondling is nearly as dangerous as drunk driving. Sexual intercourse with a child may well create a "serious potential risk of physical injury", see *United States v. Shannon*, 110 F.3d 382 (7th Cir. 1997) (en banc), but kissing and fondling do not. Their potential injury is mental, not physical.

A state crime counts for federal purposes only if the offender was convicted as an adult (or the crime involves weapons). 18 U.S.C. §924(e)(2)(B). So it is possible, consistent with the categorical approach to classifying prior convictions, see *Taylor v. United States*, 495 U.S. 575 (1990), to ask whether the fact that Goodpasture was convicted of the §288(a) offense as an adult affects the analysis. At the time, California permitted an adult

conviction of a person who committed a crime after turning 16. See Cal. Welf. & Inst. Code §§ 602, 606, 707(a), 707.1. (Here we refer to the law in force when Goodpasture was convicted; today California allows a person as young as 14 to be prosecuted as an adult.) This means that Goodpasture was at least two years and a day older than his victim. We held in *United States v. Osborne*, 551 F.3d 718 (7th Cir. 2009), that a statute similar to §288(a), and including an express requirement of a two-year age difference, did not create an offense of "sexual abuse of a minor" for the purpose of the sentencing enhancement in 18 U.S.C. §2252(b)(1). Drawing on definitional language in §§ 2241–48, we held that at least a four-year age difference, or use of force or fraud, distinguishes "abusive" contact from the exploratory touching in which many teenagers engage. Even given the two-year age gap necessary to convict Goodpasture as an adult, §288(a) does not define a crime of "sexual abuse" for federal purposes; it is hard to see how it could be called a "violent felony" either.

The prosecutor wants us to look at what Goodpasture did (and the ages of the people involved), rather than the proof required by §288(a). But federal recidivist statutes such as §924(e) ask what the defendant was convicted of, not what he did in fact. See *Taylor* and *Shepard v. United States*, 544 U.S. 13 (2005). "The statute's defining language, read naturally, uses 'felony' to refer to a crime as generally committed. And by so construing the statute, one avoids the practical difficulty of trying to ascertain at sentencing, perhaps from a paper record mentioning only a guilty plea, whether the present defen-

dant's prior crime, as committed on a particular occasion, did or did not involve violent behavior." *Chambers*, 129 S. Ct. at 690. The United States has not shown that the §288(a) offense "as generally committed" meets the criteria of *Begay*. It does contend that prosecutors would exercise discretion not to proceed unless a substantial age difference, or some other aggravating factor, existed, but it has not offered evidence to back up this belief—and, more importantly, the Supreme Court's question is what *the offense* as generally committed entails, not which offenses lead to criminal prosecutions.

When a statute sets out different ways to commit a crime, it may be necessary to consult the charging papers and plea colloquy to classify such a "divisible" offense correctly. See *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009). But the prosecutor does not argue that Cal. Penal Code §288(a) is "divisible" under the approach we took to that subject in *Woods*. We therefore stop with the language of §288(a), which is not a "violent felony" under either subsection of §924(e)(2)(B).

The district court is entitled to consider what Goodpasture actually did, and the relative ages (Goodpasture was 25 and the victim 11), when exercising discretion under 18 U.S.C. §3553(a) and the Sentencing Guidelines. See *Woods*, 576 F.3d at 403 n.2. But the 15-year minimum sentence for an armed career criminal does not apply. The judgment is reversed, and the case is remanded for resentencing.