NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014
Decided April 10, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2735

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:11cr183-001 |
| JON WILLIAM ZONDOR, *Defendant-Appellant.* | Joseph S. Van Bokkelen, *Judge*. |

## O R D E R

The adult grandson of Jon Zondor's girlfriend found child pornography on a CD and on an external hard drive he had stolen from Zondor. He told his mother about the discovery, and she notified the FBI. Federal agents executed a search warrant at Zondor's home and found 9,433 images and 248 videos of child pornography on his computer and storage media. Zondor pleaded guilty without a plea agreement to one count of possessing child pornography. *See* 18 U.S.C. § 2252(a)(4). At sentencing, the district judge relied on records from Illinois authorities to conclude that Zondor previously had been convicted in Cook County of aggravated criminal sexual abuse of a minor, *see* ILL. REV. STAT. 1989, ch. 38, ¶ 12-16(d), which made him subject to a 10-year

statutory minimum sentence, *see* 18 U.S.C. § 2252(b)(2). The judge sentenced Zondor to 120 months, well below the guidelines range of 151 to 180 months.

Zondor filed a notice of appeal, but his lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Zondor has not responded to his lawyer's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of case might be expected to involve. Because this analysis appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel does not say whether Zondor wants to challenge his guilty plea, but our review of the record convinces us that any appellate claim would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). During the plea colloquy, the district court neglected to inform Zondor that his statements made under oath during the colloquy could be used against him in a prosecution for perjury, FED. R. CRIM. P. 11(b)(1)(A), and that he would have a right to counsel should he elect to go to trial, FED. R. CRIM. P. 11(b)(1)(D). But Zondor never moved to withdraw his guilty plea on the basis of these omissions or on any other ground, and thus our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The judge's failure to admonish Zondor that his sworn statements might be used against him in the future could not have been plain error because no perjury prosecution is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). And although the court did not inform Zondor that his right to counsel would extend to all proceedings including trial, neither could this omission have been plain error because Zondor was represented by appointed counsel and almost certainly knew that his lawyer, who was appointed three days after his arrest, would continue on the case if he went to trial. *See Knox*, 287 F.3d at 670; *United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988).

Counsel also considers whether Zondor could raise an appellate claim premised on *Shepard v. United States*, 544 U.S. 13 (2006). In *Shepard*, the Supreme Court held that, when determining whether a defendant's earlier conviction for burglary was for a "generic burglary" that counts as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), a sentencing court is limited to considering "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*,

544 U.S. at 16. We have recognized that *Shepard*'s constraint also applies to § 2252(b). *See United States v. Osborne*, 551 F.3d 718, 721 (7th Cir. 2009). Not even the limited *Shepard* inquiry is allowed, however, unless the statute defining the prior offense is "divisible" in that it creates multiple crimes or multiple modes of committing a single crime, only *some* of which trigger the sentencing enhancement. *Descamps v. United States*, 133 S. Ct. 2276, 2281–82 (2013). In such a situation, a court is permitted to look at the documents listed in *Shepard* because the "court cannot tell from the statute itself exactly what offense the defendant committed." *United States v. Taylor*, 630 F.3d 629, 633 (7th Cir. 2010).

At the sentencing hearing, the government sought to prove that Zondor's prior conviction in Illinois was for aggravated criminal sexual abuse of a minor who was 13 to 16 years of age. The government submitted two documents certified by the clerk of the circuit court of Cook County: (1) a "Notification of Felony Disposition" stating that "Jon Zondor"was convicted of aggravated criminal sexual abuse under ch. 38, ¶ 12-16, of the Illinois Revised Statutes, and (2) a "Statement of Conviction/Disposition" stating that, in 1989, a "Jon W. Zondlor" was indicted on one count of aggravated criminal sexual abuse under "38-12-16D." (At that time, ch. 38, ¶ 12-16(d), of the Illinois Revised Statutes defined aggravated criminal sexual assault as an "act of sexual penetration or sexual conduct" against "a victim who was at least 13 years of age but under 17 years of age" and at least 5 years younger than the defendant. Under other subparts of ¶ 12-16, a person could be convicted of aggravated criminal sexual abuse involving a victim who was not a minor, e.g., by using a dangerous weapon or by causing great bodily harm to the victim. Because only some subparts of ¶ 12-16 require a minor victim, the statute is divisible. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009); *United States v. Mateen*, 739 F.3d 300, 307 (6th Cir. 2014).) The government also introduced police records and witness testimony establishing that Zondor is the "Jon W. Zondlor" named in Statement of Conviction/Disposition.

Zondor argued that the government had not met its burden of proving the prior conviction because, he insisted, the documents the prosecutor offered are inadequate under *Shepard*. The Statement of Conviction/Disposition is inadequate, Zondor insisted, because the defendant named in that document has a different surname. Moreover, Zondor continued, the government had not submitted a charging document, plea agreement, or transcript of a plea colloquy. But Zondor did not argue that the conviction established by the government's evidence was not one that could subject him to an enhanced sentence under § 2252(b)(2).

The district judge rejected Zondor's contention. The judge found that the government's documents and witnesses showed that Zondor and "Jon W. Zondlor" are the same person. The judge then concluded that the Statement of Conviction/Disposition establishes that Zondor previously had been convicted of aggravated criminal sexual abuse of a minor. The judge emphasized that if the 10-year statutory minimum did not apply—meaning that 10 years would be the statutory *maximum*—he would have imposed the same 120-month sentence.

Counsel considers whether *Shepard* provides Zondor a basis to challenge the district court's finding that he, not someone else, is the person convicted in Cook County in 1989. We agree with counsel that this potential challenge would be frivolous. *Shepard* limits the evidence that may be considered in identifying a prior conviction, but that opinion does not place any restriction on the evidence that may be used to decide if the defendant is the person convicted. *See United States v. Browning*, 436 F.3d 780 (7th Cir. 2006) (concluding that district judge properly relied on fingerprint evidence in resolving whether defendant was the same person named in judgment of conviction).

Counsel also concludes that Zondor could not challenge the district court's determination that his prior conviction subjected him to the statutory enhancement. Counsel asserts that the Notification of Felony Final Disposition and the Statement of Conviction/Disposition unequivocally establish that Zondor was convicted under ch. 38, ¶ 12-16(d), of the Illinois Revised Statutes. The latter document confirms that Zondor was *charged* with aggravated criminal sexual abuse under ¶ 12-16(d), but that document does not rule out the possibility that he was *convicted* of a lesser offense. The Notification of Felony Final Disposition partly resolves this question, showing that Zondor indeed was convicted of aggravated criminal sexual abuse. But that document does not establish that Zondor was convicted under subsection (d), which is a significant omission because, as we have noted, the crime can be committed against a victim who is not a minor. *See* ILL. REV. STAT. 1989, ch. 38, ¶ 12-16(a), (e). And although the probation officer recounts in the presentence investigation report that Zondor committed the offense by sexually penetrating a 13-year-old girl, all that means is that the underlying facts would have supported a conviction under ¶ 12-16(d). *See United States v. Goodpasture*, 595 F.3d 670, 672 (7th Cir. 2010) ("[F]ederal recidivist statutes . . . ask what the defendant was convicted of, not what he did in fact."); *United States v. Osborne*, 551 F.3d 718, 721 (7th Cir. 2009).

Nonetheless, we agree with counsel's conclusion that an appellate claim challenging the application of the 10-year statutory minimum would be frivolous. In the

district court Zondor was concerned only with the misspelling of his name in the Cook County records; he did not argue that those documents create doubt about the nature of his prior conviction. For that reason, he could prevail on appeal only by showing that the district judge committed a plain error. *See United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010). And, as counsel points out, the judge stated that he would impose a 120-month sentence whether or not the 10-year statutory minimum applied. Thus, we would not find plain error. *See United States v. Foster*, 701 F.3d 1142, 1157–58 (7th Cir. 2012); *United States v. Hill*, 645 F.3d 900, 912 (7th Cir. 2011).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.