> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021
Decided March 15, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1399

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19CR00195-001 |
| JUSTIN RAMSEY, <br> *Defendant-Appellant*. | Tanya Walton Pratt, <br> *Judge*. |

**O R D E R**

Justin Ramsey entered an open plea of guilty to possessing a firearm as a convicted felon, *see* 18 U.S.C. § 922(g)(1). Based on his three prior Indiana convictions for robbery, the district court found Ramsey subject to the enhanced penalties of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to the statutory minimum of 15 years' imprisonment. Ramsey filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Ramsey did not respond to counsel's motion. *See* CIR. R. 51(b). Because counsel's brief appears thorough and addresses the issues that we expect an appeal of this kind to present, we limit our review to the points counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel reports that Ramsey does not wish to appeal his conviction, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and so appropriately discusses only potential challenges to Ramsey's sentence. *See also United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Ramsey could argue that his three Indiana convictions for robbery do not qualify as violent felonies under the Armed Career Criminal Act. Ramsey was convicted under the Indiana robbery statute, Ind. Code § 35-42-5-1, in 2002, when he was 16 years old (and sentenced to 4 years in prison); and then twice more in 2015, for separate robberies committed two days apart (leading to concurrent sentences of 5 years and 2 years). Counsel considers arguing that the language of Ind. Code § 35-42-5-1 (defining robbery as "knowingly or intentionally tak[ing] property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear") is inconsistent with ACCA's definition of violent felony. 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" as any crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force.").

But counsel rightly dismisses that argument as frivolous. We have held that the "putting in fear" portion of Indiana's robbery statute constitutes a violent felony under ACCA. *United States v. Duncan*, 833 F.3d 751, 756–57 (7th Cir. 2016). As for the "use of force" portion of the robbery statute, the Supreme Court has held that ACCA includes as violent felonies "robbery offenses that require the criminal to overcome the victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019). Indiana robbery meets that criterion. *Maul v. State*, 467 N.E.2d 1197, 1199 (Ind. 1984). In short, *Duncan* and *Stokeling* together preclude any argument that a conviction under Indiana's robbery statute does not qualify as a violent felony.

Counsel next considers—but also rightly rejects as frivolous—arguments that Ramsey's first robbery conviction does not count under ACCA because he incurred it at 16. What constitutes a conviction is determined by state law, 18 U.S.C. § 921(a)(20), and Indiana law subjects a 16-year-old who commits armed robbery to the jurisdiction of the adult criminal courts. Ind. Code § 31-30-1-4(6). Because Ramsey was convicted as an adult in adult court (a fact that his counsel conceded at sentencing), he incurred a "conviction," not an adjudication of juvenile delinquency, for purposes of the ACCA. *See United States v. Goodpasture*, 595 F.3d 670, 672 (7th Cir. 2010).

Counsel also appropriately declines to argue, as Ramsey had in the district court, that his two 2015 convictions should have counted as a single conviction for enhancement purposes because they were part of the same "crime spree" and he was convicted of both on the same day. Under ACCA, two prior offenses count separately if they occurred on two "different occasions," 18 U.S.C. § 924(e), with "no dividing point between the offenses that afford[ed] him the chance to desist from further criminal activity." *United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012). But as Ramsey confirmed during his sentencing hearing, he committed two robberies two days apart, in two distinct locations, and against two distinct victims.

Counsel also appropriately rejects as frivolous two constitutional arguments that Ramsey made in the district court to challenge the armed-career-criminal enhancement. First, Ramsey had argued that the Eighth Amendment forbids enhancing his sentence for conduct that occurred when he was a minor. But we rejected that argument in *United States v. Salahuddin*, 509 F.3d 858, 863 (7th Cir. 2007). Ramsey also had argued that enhancing his sentence based on the prior convictions violated the Fifth and Sixth Amendments because those convictions were neither alleged in the indictment nor proven beyond a reasonable doubt. We agree with counsel that that argument would be contrary to the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998).

Next, counsel rightly declines to challenge Ramsey's sentence on other grounds. As counsel points out, Ramsey received the statutory minimum sentence (15 years), so it would be frivolous to argue that his prison term is too long. Nor could he challenge his within-guidelines three-year term of supervised release, given that the factors under 18 U.S.C. § 3553(a) justifying a court's choice of prison term also apply to a term of supervised release. *United States v. Bloch*, 825 F.3d 862, 870–71 (7th Cir. 2016). The district court properly considered those factors: in aggravation it considered Ramsey's history of escalating criminal behavior, the seriousness of his present crime, and the fact that he committed it while on parole. And the court discussed the mitigating factors of Ramsey's childhood trauma and abuse, ongoing physical and mental health challenges, and ready acceptance of responsibility. Ramsey could not argue that this justification was inadequate. *See id.* at 870. Further, Ramsey waived his right on appeal to challenge his supervised-release conditions when his attorney affirmatively told the court that he had reviewed the conditions with Ramsey and had no objections. *See United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019).

Counsel notes that the judgment contains one supervised-release condition—the prohibition on possessing a controlled substance—that was not orally imposed. (At the hearing, the court discussed substance use, but not possession.) Ramsey, however, could not mount an appeal based on that discrepancy: Because that condition is required by statute, 18 U.S.C. § 3583(d), and Ramsey had notice of it in the presentence report, the condition remains valid. *United States v. Anstice*, 930 F.3d 907, 909 (7th Cir. 2019).

Counsel next considers whether Ramsey could challenge the court's order that he forfeit the firearm and ammunition seized during his arrest and pay a special assessment of $100. But as counsel rightly points out, any challenge would be frivolous because Ramsey did not object to either in the district court, and both were expressly authorized or required by statute, 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c); 18 U.S.C. § 3013(a)(2)(A).

Finally, counsel appropriately concludes that Ramsey could not raise any nonfrivolous challenge to his $500 fine—an amount far below the calculated guidelines range of $30,000–$250,000. Because Ramsey did not object to the fine in the district court, we would review for plain error, *see United States v. Riley*, 493 F.3d 803, 810 (7th Cir. 2007). And here the court appropriately considered the factors in U.S.S.G. § 5E1.2(d) and 18 U.S.C. § 3572(a), particularly the defendant's ability to pay, as determined in the presentence report. Even where, as here, the defendant is indigent at the time of sentencing, the court does not commit plain error by expecting that future wages will cover a fine. *Riley*, 493 F.3d at 811.

We GRANT counsel's motion to withdraw and DISMISS the appeal.